UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EMILIA RIVERA**,

      Plaintiff,

      v.                                                   **CIV NO. 02-612 DJS/RLP**

**LUNA COMMUNITY COLLEGE, DR. JORGE THOMAS,
DR. LAWRENCE PINO**,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before this Court on Defendant Luna Community College and Defendant Jorge Thomas' Motion for Summary Judgment filed February 255, 2003 (Docket No. 25). Briefing was completed on that motion as of April 11, 2003, with the filing of the Notice of Completion of Briefing (Docket No. 36). Defendant Lawrence Pino filed a joinder (Docket No. 33) with the instant motion for summary judgment. The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

**FACTUAL BACKGROUND**

The instant action is a civil action originally filed in New Mexico District Court and removed to Federal Court by Defendants. In her complaint, Plaintiff alleges that she was an educational instructor at Luna Community College (LCC) for many years before being promoted to General

1

Studies Director in 1995. In that post, she was responsible for scheduling and coordinating classes and personnel. She contends that Defendant Thomas was hired in 1997 and was, after the hiring of Defendant Pino as president of the college in 1999, promoted to vice-president. Plaintiff asserts that Defendant Thomas took action to remove Plaintiff from her job through a studied plan of harassment, gender and age discrimination, political and personal retribution, and the creation of a hostile work environment. Plaintiff further alleges that Thomas' actions were undertaken with the support and approval of Defendant Pino and the majority of the Board of Directors of LCC. Plaintiff contends that Defendants' actions were unlawful, discriminatory, tortious (*sic*), malicious, and undertaken in derogation of her rights under the Constitutions of the United States and New Mexico to be free from age and gender discrimination, to be free from political retribution, to be afforded due process, and to exercise political expression.

As noted, Plaintiff asserts in her complaint that she was subjected to age and gender discrimination; however, her complaint offers no facts in support of that contention. In their motion for summary judgment, Defendants assert that Plaintiff's allegation that she was discriminated against on the basis of her age and sex is premised primarily upon the fact that the new director hired after her was thirty-five years old and that Defendant Thomas asked her if she was planning on retiring three or four times between 1997 and 2000. In addition, Defendants report that Plaintiff attributed the facts that she was switched to a smaller office after her tenure as director expired, that the new office was without a bookshelf, working telephone or computer, that Defendant Pino called her at home and yelled at her because of an issue with her paycheck, that her retirement paperwork was approved in an untimely fashion, that she had to resubmit her personal development plan to Defendant Pino, and that Defendant Thomas would not sign her time sheets during the summer of 1997 to age

discrimination.

## STANDARD OF LAW

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); Matsushita Elec., 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir.1996).

## TIMELINESS

As an initial matter, Defendants contend that they are entitled to summary judgment because Plaintiff did not bring her complaint within ninety days of the original issuance of a right-to-sue letter by the EEOC. Plaintiff filed a charge of discrimination with the EEOC in September, 1999 in which she alleged gender and age discrimination. The EEOC issued a dismissal and a right-to-sue letter on February 10, 2000. However, Plaintiff failed to file a lawsuit within ninety days. "To bring a valid claim under the ADEA, a plaintiff must file a charge of discrimination with the EEOC...." Bennett v. Quark, Inc., 258 F.3d 1220, 1225 (10th Cir.2001). After the EEOC terminates its proceedings, a

3

plaintiff has ninety days from the date of receipt of the EEOC right-to-sue notice in which to bring a civil suit. §29 U.S.C. 626(e).

The ninety-day requirement operates like a statute of limitations and is thus subject to waiver, estoppel, and equitable tolling. Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 259-60 (10th Cir.1994). "The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice." Witt v. Roadway Express, 136 F.3d 1424, 1429 (10th Cir.1998). Moreover, "[i]n this circuit, a Title VII time limit will be tolled only if there has been active deception of the claimant regarding procedural requirements." Jarrett, 22 F.3d at 260. Failure to file suit within ninety days of the EEOC's notice of right to sue would also foreclose Plaintiff's gender discrimination claim. See 42 U.S.C.2000e-5(f)(1); Bolling v. City & County of Denver, 790 F.2d 67, 69 (10th Cir.1986) (Unless a Title VII plaintiff files suit within ninety days of receiving a "right to sue" letter from the Equal Employment Opportunity Commission (EEOC), she is foreclosed from bringing suit on the allegations made in her EEOC claim).

On September 14, 2000, Plaintiff filed a second EEOC charge alleging discrimination. In that charge, Plaintiff asserted that she was retaliated against by being harassed and subjected to a hostile work environment after she filed her first EEOC complaint. On March 28, 2002, the EEOC issued a determination of that charge. Plaintiff filed her complaint in state court on April 29, 2002.

In her response to the motion for summary judgment, Plaintiff argues that the gravamen of her complaint does not assert an EEOC claim. This disavowal of a federal civil rights claim, which may be fairly read from the assertion in the complaint that Plaintiff's rights under the Constitution of the United States were violated, flies in the face of her statement in the Initial Pre-Trial Report filed November 18, 2002 (Docket No. 19) that "Plaintiff's claims are pursuant to all pertinent State and

4

Federal laws and constitutional provision (sic)....".

Even if Plaintiff did not abandon any claims of discrimination pursuant to Federal statutory or constitutional law, only those claims based upon retaliation for filing her initial EEOC complaint would survive due to her failure to timely bring suit after her notice of her right to sue. Her claims of gender discrimination would be subject to summary judgment even in timely brought. Common work-day tribulations are not actionable, as Title VII is not a "civility code." See Gunnell v. Utah Valley State College, 152 F.3d 1253, 1265 (10th Cir. 1998); see also EEOC v. Flasher Co. Inc., 986 F.2d 1312, 1319 (10th Cir.1992) ('Title VII does not make unexplained differences in treatment *per se* illegal nor does it make inconsistent or irrational employment practices illegal. It prohibits only intentional discrimination based upon an employee's protected class characteristics."). Plaintiff fails to set forth sufficient facts to sustain a claim for gender or age discrimination. Plaintiff also fails to set forth sufficient facts to establish a *prima facie* case of retaliation, as her allegations describe ongoing personal animus or careless management practices, rather than reprisal for seeking inquiry by the EEOC. Accordingly, Defendants' motion for summary judgment will be granted with regard to all of Plaintiff's claims under Federal law for age discrimination, gender discrimination, and retaliation.

**PENDANT CLAIMS**

Plaintiff asserts that her complaint alleges claims for tort under state law. In response to the motion for summary judgment, specifically in her affidavit in support of that response, Plaintiff states that she is suing for the tort of outrage. In the text of her response to the summary judgment motion, Plaintiff states that her complaint alleges "malice". Generally, when federal claims are eliminated from a complaint, the federal court should decline the exercise of jurisdiction by dismissing the complaint

without prejudice. United MineWorkers v. Gibbs, 383 U. S. 715, 726-727 (1966). Although dismissal of pendant state claims once federal claims are decided is the general practice of federal courts,

> [A] remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law. Under the analysis set forth in Gibbs, this consequence, even taken alone, provides good reason to grant federal courts wide discretion to remand cases involving pendent claims when the exercise of pendent jurisdiction over such cases would be inappropriate.

Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 (1988). In the interests of comity and judicial economy and recognizing that this action was originally removed from state court, the Court will remand Plaintiff's claims for outrage and malice to that forum.

**PENDING MOTIONS**

Plaintiff filed a Motion to Strike Defendants' Belated Summary Judgment Motion (Docket No. 32) on March 28, 2003. Defendants filed a response on April 1, 2003; however, Plaintiff failed to file a reply in support of the motion or to file a notice of completion of briefing as required by D.N.M.LR-Civ. 7.3(b). The Court finds that the motion is not well taken and will be denied. On May 6, 2003, Plaintiff filed a Motion to Remand (Docket No. 40). Once again, Defendant responded to the motion, but Plaintiff failed to file a reply in support of the motion or a notice of completion of briefing. Given the resolution of Plaintiff's claims in this opinion, the Court finds Plaintiff's Motion to Remand moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is granted in part. Defendants are granted judgment on Plaintiff's claims under Federal law for age discrimination, gender discrimination, and retaliation and those claims are hereby dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's pendant claims for malice and outrage are hereby remanded to the Fourth Judicial District Court of New Mexico, San Miguel County.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Belated Summary Judgment Motion (Docket No. 32) is denied and Plaintiff's Motion to Remand (Docket No. 40) is denied as moot.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**